UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SHEILA J. ZAMBON, )
)
    Plaintiff, )
)
v. ) No. 3:17-CV-507-TWP-HBG
)
SHAWN CRAWFORD, et al., )
)
    Defendants. )

## MEMORANDUM AND ORDER

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and Standing Order 13-02.

Now before the Court are numerous Motions [Docs. 55, 68, 72, 77] and other filings [Docs. 56, 64, 66, 67, 74] by Plaintiff. Some of these documents are filed as Motions, while others are filed as Responses/Notices but often contain requests for relief. The Court will summarize the filings and then turn to the requested relief made therein.

**I.    POSITION OF THE PARTIES**

In Plaintiff's Second Motion for Sanctions [Doc. 55], she requests Rule 11 sanctions against Defendant Porch because Defendant Porch did not sign her interrogatories or have them notarized. Subsequently, after Plaintiff filed her Motion, Defendant Porch filed a signed copy of her interrogatory responses. [Doc. 70].

Plaintiff also filed a Response [Doc. 56] to the undersigned's Order denying sanctions.[1] In her Response, she argues that sanctions should be issued against Defendant Patton. She discusses

---

[1] Plaintiff states that her filing is a Response to Judge Phillips's Order, but the Court believes Plaintiff's filing is a response to the undersigned's Order [Doc. 53] denying sanctions, which was entered on August 17, 2018.

Rule 11 and states that the Court did not issue sanctions against Defendants because they are employees of the City of Sevierville, which leads to "Gestapo tactics." [Doc. 56 at 4]. Defendants filed a Response [Doc. 63], stating that Plaintiff has not alleged any independent or new acts by Defendants, the Motion does not comply with Rule 11, and Plaintiff's Motion fails to comply with Section 3(j) of the Scheduling Order.

Plaintiff filed another Response to the Court's Order [Doc 64], stating that Defendants have been given the right to override every Federal Rule of Civil Procedure and that "this pattern of practice has become part of the Gestapo tactics of the Court and the Judge." [Doc. 64 at 1]. She also states that Defendant Porch did not sign her interrogatories. Plaintiff filed additional information [Doc. 65], stating as follows: she will participate in a deposition but cannot until after October 20, 2018, she does not trust the Sevierville Police Department or the attorney, she has no means to depose Defendants, and she would like to depose them with a tape recorder.

Plaintiff filed a Notification of Abuse of the Court and the Judge ("Notification") [Doc. 66], which states that the officers in this case, along with their attorney, are abusing the Court. She asserts that defense counsel did not sign the first set of interrogatories, and later, she was sent the same set of interrogatories. She states that there are no specific limits to the number of written discovery requests and that sending more written discovery requests is common. She continues that the limit for written discovery requests is thirty-five in a case over $25,000, unless the party attaches a declaration showing necessity. She later filed a Notice [Doc. 67], stating that she had to answer the same set of interrogatories twice.

In Plaintiff's Motion for a Confusion of Last Documents filed by Defendants ("Motion for a Confusion") [Doc. 68], she cites her earlier filed Motion [Doc. 56] and explains that Defendants' filing seems like a waste of time and money because the Court already ruled in Defendants' favor.

2

She also asserts that she did not receive notification that Defendant Porch changed her address and requests sanctions against Defendant Porch.

Defendants filed a Response [Doc. 71] to Plaintiff's filings [Docs. 66, 67, 68]. Defendants state that Plaintiff called defense counsel and left a message to return her telephone call. Defense counsel called and spoke to Plaintiff briefly, and Plaintiff hung up on counsel. Defendants assert that Plaintiff has not complied with Section 3(j) of the Scheduling Order. In their response to Plaintiff's Notification [Doc. 66], and with respect to Plaintiff's argument that she was served the same set of interrogatory requests, Defendants explain that Plaintiff filed an objection based on the ground that the interrogatory requests were not signed by defense counsel. Defendants state that defense counsel sent her another copy and explained that the original requests were inadvertently sent without the signature of counsel. Defendants state that Plaintiff takes issue with Defendant Crawford's objection to answering more than twenty-five interrogatories, but this is the limit imposed by Federal Rule of Civil Procedure 33. With respect to Plaintiff's filing [Doc. 67], Defendants state that they do not read this filing to make any request for relief. Finally, with respect to Plaintiff's Motion for a Confusion [Doc. 68], Defendants state that they do not read this filing as making a request for relief. Defendants point out that while Plaintiff requests sanctions against Defendant Porch for not updating her address, Defendant Porch updated her address shortly after Plaintiff's filing.

Plaintiff also filed a Motion for Additional Time for Family Pending Death of Her Brother [Doc. 72]. She requests additional time to respond to defense counsel and the Court, stating that her brother is suffering a medical emergency. She later filed a Notice [Doc. 74], stating that her brother had passed away and that she would respond to the Court and Defendants in a timely manner. She asserts the following: she will make time for a deposition on October 24, 2018, that

Defendant Porch notified Plaintiff of her new address, and that the Court did not respond to her prior request for more time. She states that the Court does not show her respect or compassion.

Finally, Plaintiff filed a Motion [Doc. 77], requesting that her deposition be rescheduled. Defendants filed a Response [Doc. 79], stating that the parties agreed to reschedule Plaintiff's deposition for December 18, 2018. Plaintiff filed a Notice [Doc. 80], stating that the attorney is trying to confuse her because in Defendants' Response, they stated that the deposition would occur on December 18, 2018, but in a letter [Doc. 80-1], Defendants set the deposition for December 12, 2018. Plaintiff states that she is available on December 18, 2018.

## II. ANALYSIS

Before the Court turns to the merits of Plaintiff's filings, the Court must address a few preliminary matters. First, the Court notes that in its August 18 Order [Doc. 53], the undersigned explained that Section 3(j) of the Scheduling Order requires the parties to take certain steps before filing motions regarding discovery disputes. The Court also outlined these steps for Plaintiff. A few days later, on August 21, 2018, the Court denied [Doc. 54] another request for sanctions by Plaintiff and directed Plaintiff to the undersigned's August 18 Order. As evidence by the numerous filings above, which largely raise discovery issues, Plaintiff has ignored the Court's directions. The purpose of the procedure in the Scheduling Order is to save, not only judicial resources, but the parties' resources because many discovery disputes can be resolved without engaging in time-consuming and expensive motion practice—as demonstrated by several of Plaintiff's filings. For instance, Plaintiff argues in two filings [Docs. 66, 67] that she was served with the same set of interrogatories and complains that she has "spent money remailing these same answers, unread." [Doc. 67 at 2]. Plaintiff, however, could have avoided spending her resources and filing documents with the Court had she just simply contacted defense counsel. Likewise, prior to filing her Motion

[Doc. 77], requesting to postpone her deposition, she could have contacted defense counsel in an attempt to avoid motion practice.

Plaintiff's pro se status is not a reason to ignore the rules and the failure to follow the Court's Orders or the Federal Rules will not be excused any further. The Court hereby **ADMONISHES** Plaintiff that the failure to follow these Rules may warrant future motions involving discovery disputes to be summarily denied. Further, several of Plaintiff's instant requests that relate to discovery disputes will be denied for failing to follow the above procedure, along with the additional reasons set forth below.

Second, the Court observes that Plaintiff continues to file discovery requests on ECF. *See* [Docs. 56-62]. The Court **DIRECTS** Plaintiff to Federal Rule of Civil Procedure 5(d), which states that "discovery requests and responses must not be filed until they are used in the proceedings or the court orders" such filings. Accordingly, unless Plaintiff intends to use the discovery requests to support a motion, Plaintiff shall not file such documents on ECF. The Court notes that following this Rule will also help Plaintiff reduce her costs.

The Court will now turn to the merits of Plaintiff's pending Motions and filings. With respect to Plaintiff's Motion for Sanctions [Doc. 55], she asserts that Defendant Laura Porch did not sign her interrogatories or have them notarized and requests Rule 11 sanctions. In Response [Doc. 70], Defendant Laura Porch filed a signed copy of her interrogatories. Although Plaintiff failed to comply with the procedure as set forth above, for purposes of judicial efficiency, the Court **ORDERS** Defendant Laura Porch to submit her responses in compliance with Rule 33(b) by **December 7, 2018**. *See* Fed. R. Civ. P. 33(b)(3) (explaining that responses must be answered under oath). Accordingly, the Court finds Rule 11 sanctions are not warranted.

5

With respect to Plaintiff's Response [Doc. 56], which requests Rule 11 sanctions against Defendants, the Court finds this Motion not well taken.[2] As Defendants emphasized in their Response [Doc. 63], Plaintiff has not alleged any independent or new acts by Defendants and the Motion does not comply with the procedures outlined in Rule 11.

Plaintiff's Notification [Doc. 66] asserts that there is no specific limit on written discovery requests. As mentioned above, however, Plaintiff did not comply with Section 3(j) of the Scheduling Order, and to the extent she is requesting relief, this request is denied at this time. The Court further directs Plaintiff to Federal Rule of Civil Procedure 33, which limits interrogatory requests to twenty-five, without leave of Court. If Plaintiff needs to serve additional interrogatories, she **SHALL** work with Defendants' counsel to resolve any issues, prior to seeking relief from the Court.

With respect to Plaintiff's Motion for a Confusion [Doc. 68], she requests sanctions against Defendant Porch for not updating her new address. Defendant Porch updated her new address shortly thereafter. Accordingly, the Court finds sanctions are not warranted.

With respect to Plaintiff's Motion for Additional Time [Doc. 72], it is not clear to the Court for what purpose Plaintiff needed additional time. Further, Plaintiff has been able to fully brief all her filings prior to the Court's instant Memorandum and Order. Accordingly, Plaintiff's Motion is [**Doc. 72**] is **DENIED AS MOOT**.

Finally, with respect to Plaintiff's Motion [Doc. 77], requesting that her deposition be rescheduled, Defendants filed a Response [Doc. 70], stating that the parties agreed to reschedule the deposition. Accordingly, Plaintiff's Motion [**Doc. 77**] is **DENIED AS MOOT**. The parties

---

[2] As mentioned above, Plaintiff's filing is a "Response" to the Court's previous Order [Doc. 53], denying her request for sanctions. Because Plaintiff does not explain the purpose of her Response, the Court will treat it as a motion for reconsideration.

**SHALL** confirm with one another as to the date and time of the deposition as there appears to be some confusion.[3]

## III. CONCLUSION

Accordingly, for the reasons set forth above, the Court finds Plaintiff's Motion [**Doc. 55**] is **GRANTED IN PART AND DENIED IN PART**, Plaintiff's Motion [**Doc. 68**] is **DENIED**, Plaintiff's requests [**Docs. 56, 66**] are **DENIED**, and Plaintiff's Motions [**Docs. 72, 77**] are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

ENTER:

_Bruce Guyton_
United States Magistrate Judge

---

[3] The Court notes that in an earlier filing, Plaintiff requests that Defendant Porch be present at the deposition on October 24, 2018. It appears this request is also moot because Plaintiff needed to reschedule the deposition.